**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Nov 26 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID BECSEY**
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRANCE LASSERE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1405-CR-212 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Helen Marchal, Judge
Cause No. 49G16-1402-FD-8973

**November 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Terrance Lassere appeals his conviction for domestic battery, as a Class D felony, following a bench trial. Lassere presents a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On February 22, 2014, Lassere was driving his girlfriend's silver Honda Civic in Indianapolis, and his girlfriend, B.M., and B.M.'s two-year-old child R.M. were passengers in the car. Lassere and B.M. began arguing, and Lassere hit B.M. in the face, breaking her glasses and bruising her left cheek. At some point during the argument, B.M. dialed 911 on her cell phone, but she did not speak to the dispatcher who answered the call. B.M. did not hang up the phone, so the dispatcher was able to record the remainder of the argument.

During the recording of the 911 call, the following could be heard: Lassere and B.M. screaming and cursing at each other; R.M. crying; Lassere screaming, "I'll die before I go back to prison. You better hang up that f***ing phone"; Lassere screaming, "Alright, f*** it then. I don't give a f***. We'll die, b****. You stupid b****. Shut the f*** up. You better hang up that f***ing phone right now, god damn it"; Lassere telling R.M. to be quiet; B.M. screaming, "You're trying to kill me!"; and B.M. said, "You bit me! How dare you? What is wrong with you?" State's Ex. 1A.

At some point, Aaron McGauhey was driving when he saw a silver Honda Civic traveling down the street with the passenger door open. McGauhey heard a woman screaming from inside the vehicle, and he began to follow the car. McGauhey caught up

to the car after it had stopped, and he saw a woman standing next to the car and a man running from the scene. McGauhey called 911 and followed the man on foot, but McGauhey stopped his pursuit after the dispatcher told him to stop following the man. When McGauhey returned to the Honda Civic, he handed his cell phone to the woman, B.M., who told the dispatcher that Lassere had assaulted her and taken her money and car keys. McGauhey observed that B.M. was "very, very upset," crying, and "seemed like she was in shock[.]" Tr. at 51.

Indianapolis Metropolitan Police Department Officers Brenda Samm and Christopher Dickerson arrived at the scene and found B.M. to be "extremely distraught." Id. at 61. B.M. was "shaking" and "having a hard time catching her breath." Id. It took B.M. approximately seven to ten minutes to calm down. During that time, B.M. told the officers that Lassere had beaten her and stolen her car. Officer Samm found a pair of broken eyeglasses in the car. Officer Samm had to replace one of the lenses and taped together a part of the frame that had been broken so that B.M. could wear them to drive herself home. Officer Samm observed "some redness to the left side around [B.M.'s] cheek bone . . . [like a] discoloration in her skin." Id. at 72.

At some point, Lassere returned to the scene. He was "visibly agitated" and "very unhappy" that the police officers were there. Id. at 93-94. Lassere "kept wanting to interject in Officer Samm's questions [to B.M.]" Id. at 94. So Officer Dickerson pulled Lassere "to the side" and, "due to his verbal demeanor and his body language[,]" Officer Dickerson "went ahead and placed him in handcuffs" until the officers could "figure out exactly what had happened." Id. While sitting on a curb in handcuffs, Lassere alternated

3

between yelling at B.M. and crying. Lassere yelled to B.M. that he loved her and that he did not want to go back to prison. At some point, B.M. said to Lassere, "You're never doing this to me again. We're done. You should never [have] put your hands on me." Id. at 101.

The State charged Lassere with criminal confinement, as a Class D felony; domestic battery, as a Class D felony; and battery, as a Class A misdemeanor. Following a bench trial, the trial court found Lassere guilty of domestic battery and battery. But the court entered judgment of conviction only for domestic battery and sentenced him to 730 days. This appeal ensued.

## DISCUSSION AND DECISION

Lassere contends that the State presented insufficient evidence to support his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

To prove domestic battery, as a Class D felony, the State was required to show that Lassere did knowingly in a rude, insolent, or angry manner touch B.M., who is or was his spouse, or is or was living as if his spouse, or has a child in common with him, and further that the touching resulted in bodily injury to B.M. Ind. Code § 35-42-2-1.3.

4

The State was also required to prove that Lassere committed the battery in the physical presence of a child less than sixteen years of age knowing that said child was present and might be able to see or hear the offense. Id. Indiana Code Section 35-31.5-2-29 defines bodily injury as any impairment of physical condition, including physical pain.

Lassere's sole contention on appeal is that the State failed to prove "a touching that resulted in bodily injury to [B.M.]" Appellant's Br. at 5. Lassere does not challenge the sufficiency of the evidence as to any of the other elements of the offense. In support of his contention, Lassere directs us to B.M.'s trial testimony, where she stated that Lassere did not touch her or cause her bodily injury. B.M. testified that she had lied to police during the 911 call because she was "mad." Tr. at 131.

But Lassere's argument amounts to a request that we reweigh the evidence, which we will not do. In contrast to B.M.'s trial testimony, the State presented evidence showing that Lassere knowingly touched B.M. in an angry manner that caused her bodily injury. In particular, the State introduced into evidence the 911 call recording where B.M. can be heard to yell at Lassere, "You bit me!" State's Ex. 1A. And Officer Samm testified that B.M. told her that Lassere had "beat[en her] up[.]" Tr. at 79. Officer Samm testified further that she had observed a red discoloration on B.M.'s cheek, and Officer Samm found B.M.'s broken glasses in the car. The State presented sufficient evidence to support Lassere's conviction.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.

5